IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

ROBERT PALENCAR, d/b/a
Uptown Limousine Services,

                Defendant.

Civil Action No.
3:14-CV-733 (TJM/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

HON. RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

OF COUNSEL:

WILLIAM F. LARKIN, ESQ.
Assistant U.S. Attorney

FOR DEFENDANT:

[NO APPEARANCE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     Plaintiff United States of America commenced this action more than three months ago. Since the filing of its complaint, despite prodding from the court, plaintiff has failed to effectuate service upon the named defendant,

and the defendant has not yet appeared in the action. In light of these circumstances, I recommend that plaintiff's complaint be dismissed, without prejudice, for failure to prosecute.

I.  BACKGROUND

Plaintiff commenced this action on June 17, 2014, for and on behalf of the U.S. Department of the Treasury, which, in turn, is acting on behalf of the U.S. Small Business Administration. Dkt. No. 1 at 1. In its complaint, plaintiff lists Robert J. Palencar, d/b/a Uptown Limousine Services, as the sole named defendant and alleges the defendant's default on a promissory note. *Id.* at 2. Plaintiff's complaint seeks a judgment against the defendant in the sum of $132,377.04, together with administrative costs, post-judgment interest pursuant to 28 U.S.C. § 1961, and attorney's fees. *Id.* at 2-3. Upon commencement of the action, a summons and General Order 25 packet were issued by the clerk of the court and provided to plaintiff on June 18, 2014, for service upon the defendant. Dkt. Nos. 2, 3.

On August 5, 2014, as a result of routine case management review, the court ascertained that, despite the passage of nearly two months following issuance of the summons, no proof of its service upon the defendant had yet been filed with the court. As a result, by text notice issued on that date, the court directed plaintiff to file an affidavit of service so that

an appropriate answer deadline could be established. Text Notice Dated Aug. 5, 2014. On August 11, 2014, plaintiff filed a status report indicating that a waiver of service form, together with the summons and complaint, were forwarded to the defendant on June 19, 2014. Dkt. No. 4. The status letter further advised the court that, having received no response to the request for waiver of service, on August 8, 2014, the plaintiff provided the summons and complaint to the U.S. Marshal's Office to effectuate personal service upon the defendant. *Id.* Based upon this information, I issued a text order on August 12, 2014, construing plaintiff's status report as a request for an extension to time to effectuate service of process upon the defendant. Text Order Dated Aug. 12, 2014. The court reminded plaintiff that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and rule 4.1(b) of the local rules of practice for this court, service of process must be effectuated upon a defendant within sixty days from the date of filing a complaint. *Id.*

On September 2, 2014, a Process Receipt and Return form was filed with the court by the U.S. Marshal's Office indicating that personal service of the summons and complaint upon the defendant was attempted on three separate occasions, including August 13, 2014, August 22, 2014, and August 25, 2014, all to no avail.[1] Dkt. No. 6 at 1. The proof of service form

---

1    The Process Receipt and Return form incorrectly states that the type of process

further states that the summons was being returned as unexecuted due to the fact that the defendant could not be located at work or at home. *Id.* at 2.

II. DISCUSSION

The summons in this case was issued by the court on June 18, 2014. Dkt. No. 2. Rule 4(m) of the Federal Rules of Civil Procedure requires that a party be served within one hundred twenty days of issuance of the summons, absent a court order extending that period.[2] Fed. R. Civ. P. 4(m). In the event that a party seeks an extension of that time period, "where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras*, 94 F.3d at 340

---

requested by the USA was for the issuance of a subpoena, rather than for service of the summons and complaint. Dkt. No. 6 at 1.

[2] Specifically, Rule 4(m) provides that,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period[.]

Fed. R. Civ. P. 4(m). The court's local rules of practice shorten the time for service from the 120 day period under Rule 4(m) to sixty days. N.D.N.Y. L.R. 4.1(b).

4

(citing Fed. R. Civ. P. 4(m)); *see also Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have the discretion to grant extensions of the service period even where there is no good cause shown[.]"); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). When examining whether to extend the prescribed period for service, a district court is afforded ample discretion to weigh the "overlapping equitable considerations" involved in determining whether good cause exists, and whether an extension may be granted in its absence. *Zapata*, 502 F.3d at 197.

Despite having been pending for three months, this case remains stagnant. Although the court issued an order extending the deadline for service of process until September 5, 2014, plaintiff has not complied with that deadline, nor has he sought a further extension. The implication from this sequence of events is that, at least for the present time, the plaintiff no longer intends to prosecute the claims set forth in its complaint.

Plaintiff's apparent disinterest in pursuing its claims also invokes Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2

(N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by Lowe*, M.J.). That discretion is appropriately exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

A determination of whether to dismiss an action for failure to prosecute involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999).

I have carefully evaluated the five relevant factors in the context of this case and find that they weigh in favor of dismissal. Despite the issuance of a text order directing service of the summons and complaint be effectuated

upon the defendant on or before September 5, 2014, plaintiff has failed either to arrange for service or provide an explanation for that failure and request a further extension since the text order's issuance on August 12, 2014. The order plainly placed the plaintiff on notice that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and rule 4.1(b) of the local rules of practice for this district, it had sixty days from the date of filing of the complaint to effectuate service of process upon the defendant. These factors, in combination with the court's interest in managing its docket, and consideration of less drastic sanctions, convince me that dismissal of plaintiff's complaint in this matter is justified. *See Herring v. City of Syracuse*, No. 09-CV-1168, 2010 WL 3981960, at *2 (N.D.N.Y. Oct. 8, 2010) (dismissing the plaintiff's complaint pursuant to Rule 41(b) and based on plaintiff's failure to timely effectuate service of process).

III. SUMMARY AND RECOMMENDATION

The court's records do not reflect any efforts on the part of plaintiff to pursue its claims in this action since the issuance of my text order over a month ago. Indeed, while this court's local rules require that service of a summons be accomplished within sixty days of its issuance, and despite a directive reminding plaintiff of that fact, plaintiff has failed to comply and has provided no information to the court concerning any efforts taken to arrange

for service of process on the defendant. Accordingly, based upon plaintiff's failure to arrange for service of process and its manifest disinterest in pursuing the claims set forth in its complaint, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, without prejudice, for failure to prosecute.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 23, 2014
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

8